IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN JEROME ELLIS,

    Plaintiff,               No. CIV S-03-1938 LKK CMK P

    vs.

MIKE KNOWLES, et al.,

    Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 3, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fifteen days. On March 22, 2005, plaintiff was granted until April 12, 2005 to file his objections. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire

///

file, the court, for the aforementioned reasons, finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff relies a recently decided case, Ngo v. Woodford, No. 03-16042, 2005 WL 674707 (9th Cir. March 24, 2005) to support his claim that he had exhausted his administrative remedies under the PLRA. In Ngo, prison's Appeals Coordinator rejected the Ngo's appeal as time barred. Ngo, 2005 WL 674707 * 2. Ngo filed a second grievance contending that his grievances were timely because he was appealing the continuing nature of his punishment. The Appeals Coordinator again rejected his appeal on untimeliness grounds. Id. The Ninth Circuit stated that "procedural default...is not necessarily synonymous with failure to exhaust." Id. at * 5. To demonstrate a failure to exhaust, state officials must specify which remedies remain available to a prisoner. Id. In short, the Ninth Circuit held that when a prisoner administrative appeal is deemed time barred he has exhausted all administrative remedies available to him as required by the PLRA. Id. *9.

The instant case is distinguishable from Ngo. Here, prison officials did not deny plaintiff's appeal as untimely. Instead, prison officials noted the time lapse between the alleged action and the filing date and instructed plaintiff that if he wished to pursue this appeal, he should re-file with an explanation and documenting evidence of why he did not or could not file his appeal timely. (Opp'n Mot. Dismiss. Exs. C, D, & E. ) Defendant re-filed his grievance stating that "there are no documents to be submitted in this forum" and that his "dely [was] directly premised on the status of the law." (Opp'n Mot. Dismiss, Ex. D.) Plaintiff was clearly told by prison officials what steps he needed to take to pursue his appeal. Ngo, 2005 WL 674707 *5. Plaintiff failed to take these steps. Accordingly, Ngo does not dictate a different result in the instant action.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 3, 2005, are adopted in full;

2. Defendant Brown's July 26, 2004 Motion to Join Defendants' Motion to

Dismiss is granted;

      3.  Plaintiff's claims against defendants Knowles, Sanchez, Smith and Brown and the claims against defendant Brown, with the exception of the retaliation claim, are dismissed without prejudice for failure to exhaust administrative remedies under the PLRA and;

      4.  Plaintiff's retaliation claim against defendant O'Connor is dismissed for failure to state a claim.

DATED:  May 27, 2005.

                      /s/Lawrence K. Karlton
                      UNITED STATES DISTRICT JUDGE

/elli1938.805