IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

ANTHONY DENARD,

    Petitioner,        No. CIV-S-02-2639 LKK KJM P

  vs.

MIKE KNOWLES,

    Respondent.      <u>ORDER TO SHOW CAUSE</u>

_____/

    Petitioner is a state prisoner proceeding pro se with a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition incorporates eight separate claims.[1] The court has reviewed the materials submitted by the parties and determined that petitioner has not exhausted state court remedies with respect to the following four aspects of his claims:

    1) Petitioner's trial counsel was ineffective for failing to object to statements made by the prosecution during closing argument (Ground 5);

    2) Trial counsel was ineffective for failing to object to statements made by the prosecution and the attorney for co-defendant Ms. Jonni Carkhum during trial (Ground 5);

    3) The trial court improperly excluded evidence indicating why the police had cause to visit Jonni Carkhum's apartment on November 21, 2000 (Ground 7); and

---

[1] There are two copies of the second amended petition reflected on the court's docket; the two copies are virtually identical although one, a copy of the original, appears to omit one page. In issuing this order, the court refers to the complete original of the second amended petition filed on November 4, 2003 (docket no. 15).

4) The trial court improperly refused to allow petitioner's counsel to attempt to impeach Jonni Carkhum's testimony by asking her questions about three drug cases with which she was involved within a year before petitioner's trial (Ground 7).[2]

On October 16, 2003, based on respondent's motion to dismiss, the court dismissed petitioner's first amended application for writ of habeas corpus for failure to exhaust state court remedies with respect to the first claim identified above, contained in Ground 5 of the pending petition.  In the October 2003 order, petitioner was given leave to file a second amended habeas petition and informed that any such petition could contain only claims for which state court remedies had been exhausted.  Petitioner was warned that failure to adhere to the court's October 16, 2003 order would result in this action being dismissed.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Within thirty days of this order, petitioner show cause why this action should not be dismissed based on Federal Rule of Civil Procedure 41(b) for petitioner's failure to follow court orders; and

2. Within thirty days, petitioner also shall show cause why, if this court is to allow petitioner to proceed in this case, petitioner's unexhausted claims should not be stricken for petitioner's failure to utilize the "stay and abeyance" procedure referenced in the court's October 10, 2003 order.

DATED: January 10, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] dena2639.exh

[2] In the Answer, respondent identifies aspects only of Ground 5 as unexhausted, but does not expressly waive exhaustion as to other grounds.  A waiver of exhaustion may not be implied or inferred.  28 U.S.C. § 2254(b)(3).

2