IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN JEROME ELLIS

    Plaintiff,               No. CIV S-03-1938 LLK CMK P

    vs.

MIKE KNOWLES, et al.,

    Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, without counsel, prosecuting this civil rights action against defendant C.D. Brown.[1]  This case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21) for findings and recommendations on defendant Brown's motion for summary judgment.

**I.    Standard of Review**

        On a motion for summary judgment pursuant to Rule 56(c), the court must accept the evidence of the non-moving party as true and draw all reasonable inferences of fact in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there exists no genuine issue as to any

---

[1] Plaintiff's claims against other defendants named in this action were dismissed on May 31, 2005.

1

1  material fact and that the moving party is entitled to judgment as a matter of law.  See Celotex
2  Corp v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P 56(c)).  If the moving party
3  meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue
4  as to any material fact does actually exist.  See Matsushita Elec. Indus. Co. V. Zenith Radio
5  Corp., 475 U.S. 574, 586 (1986).  The party opposing summary judgment may not rest on
6  conclusory allegations, but must set forth specific facts showing that there is a genuine issue of
7  material fact.  See Mosher v. Saalfeld, 589 F.2d 438, 422 (9th Cir. 1978)(involving a pro se
8  litigant); see also Anderson, 477 U.S. at 586 n. 11.  When the record taken as a whole could not
9  lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material
10  fact for trial.  See Matsushita, 475 U.S. at 587.

11           On March 24, 2004, the court advised plaintiff of the requirements for opposing a
12  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
13  F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

14  **II.     Background**

15           Plaintiff is incarcerated at Mule Creek State Prison (MCSP).  Prison regulations
16  permit inmates to have six cubic feet of property in their cells; property includes legal materials.
17  On February 28, 2001, Officer O'Connor came to plaintiff's cell and moved plaintiff's legal
18  material to a storage facility.   None of plaintiff's other property was taken.  When plaintiff
19  protested, Officer O'Connor replied that "the Captain said I can do whatever I want with you."
20  Defendant Brown is the Captain of Facility B at MCSP, where plaintiff was housed in 2001.
21  Plaintiff was allowed to organize his confiscated legal material into boxes at Release and
22  Receiving (R and R), which is where inmate legal material was stored.  Plaintiff states that he
23  requested access to his legal materials stored in R and R three times and that his request was
24  ignored each time.

25           Plaintiff asserts that Defendant Brown ordered plaintiff's legal material
26  confiscated to retaliate against plaintiff for bringing and assisting in civil rights litigation.

**III.    Discussion**

Defendant Brown argues that he is entitled to summary judgment because plaintiff fails to establish the essential elements of a retaliation claim.  In the alternative, defendant Brown argues that he is protected from liability by qualified immunity.

<u>Retaliation Claim</u>

Within the prison context, a viable claim of retaliation entails five basic elements: "(1) an assertion that a state actor took some adverse action against an inmate(2) because of (3) that prisoner's protected conduct and that such action (4) chilled plaintiff's First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir. 2005).  The court must afford appropriate deference to prison officials in the evaluation of the proffered legitimate correctional reasons for conduct alleged to be retaliatory.  <u>See</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995).  The burden rests on plaintiff to demonstrate that there were no legitimate correctional purposes motivating the actions of which he complains.  <u>See</u> <u>id.</u> at 808.

Bringing and assisting in civil rights litigation is a constitutionally protected activity.  <u>See</u> <u>Schroeder v. McDonald</u>, 55 F.3d 454, 461 (9th Cir. 1995).  Defendant argues that plaintiff cannot demonstrate that defendant had a retaliatory intent when he ordered the removal of plaintiff's legal papers; specifically pointing out that plaintiff had never filed a lawsuit or grievance against defendant Brown.  Regardless of whether plaintiff had filed any action against defendant Brown, plaintiff has alleged that other correctional officers were aware of plaintiff's filing and assisting with civil rights litigation.  Viewed in a light most favorable to plaintiff, this supports the inference that defendant was aware of plaintiff's activities and, therefore could have had a retaliatory motive in ordering the removal of plaintiff's legal materials.  <u>See</u> e.g. <u>Hines v. Gomez</u>, 108 f.3d 265, 268-69 (9th Cir. 1997).

///

///

3

1    Defendant argues that the removal of plaintiff's legal papers did not have a chilling
2 effect on plaintiff's First Amendment rights because plaintiff was able to file a third amended
3 complaint, had access to the law library, and was able to file a new lawsuit on February 15, 2001.
4 This argument, however, was rejected by the Ninth Circuit in Rhodes v. Robinson, 408 F.3d 559,
5 568 (9th Cir. 2005)( a prison litigant is not required to "demonstrate a total chilling of his First
6 Amendment rights in order to perfect a retaliation claim. Speech can be chilled even when not
7 completely silenced." )

8    The issue, therefore, becomes whether the removal of plaintiff's legal papers
9 advanced a legitimate correctional goal.  Plaintiff bears the burden of proving that there were no
10 legitimate correctional purposes motivating the actions of which he complains.  See Pratt, 65 F.3d
11 at 808.  MCSP regulations state that inmates in the general population shall not keep more than
12 six cubic feet of property in their cells. (Def.'s Mot. Summ. J., Ex. A, ¶ 1; Pl.'s Objection to
13 Def.'s Mot. Summ. J., Ex. C.) This regulation is to ensure that sanitary conditions, prevent fire
14 hazards and allow correctional staff to observe potential weapons or contraband.  (Def.'s Mot.
15 Summ. J., Ex. A, ¶ 2.)

16    In his deposition, plaintiff stated that, on February 8, 2001, he was allowed six
17 cubic feet of property in his cell, but had about eight cubic feet.  (Def.'s Mot. Summ. J., Ex. F,
18 42:10-14, 43-44.)  Plaintiff stated that the majority of his personal property was legal materials;
19 other property that he had was clothing, a television, a radio and a fan.  (Id. at 42:23-25, 43:1-12.)
20 Therefore, defendant's proffered basis for removing plaintiff's legal papers—that his personal
21 property exceeded the six cubic feet allowed by regulation, is undisputed.

22    Plaintiff offers no evidence to support his claim that removal of his legal papers
23 was for any other reason than that offered by defendant.  Plaintiff's argument that there was no
24 legitimate correctional purpose motivating the removal of his legal papers because only legal
25 materials were targeted to "frustrate plaintiff's legal activities" is insufficient. (Pl.'s Statement of
26 Genuine Issues in Opp'n to Mot. For Summ. J., 10:17-21.)  Plaintiff stated in his deposition that

1 the majority of his personal property consisted of legal materials.  (Def.'s Mot. Summ. J., Ex. F,
2 42:16-24.)  In light of plaintiff's statements in his deposition, the court cannot conclude that
3 plaintiff has met his burden of showing that defendant's action did not reasonably advance a
4 legitimate correctional goal.  See Pratt, 65 F.3d at 808.  The court therefore finds that plaintiff has
5 not submitted evidence raising a triable issue of fact with respect to his retaliation claim regarding
6 the removal of his legal property from his cell to storage in R and R.  Therefore, defendant Brown
7 is entitled to judgment as a matter of law on plaintiff's retaliation claim.

8          Plaintiff states in his Objection to Defendant's Motion for Summary Judgment that
9 he never claimed that defendant Brown took adverse action against him on April 3, 2001 and that
10 he never claimed that defendant Brown was responsible for plaintiff's missing box of legal
11 property.  (Pl.'s Objection to Def.'s Mot. Summ. J., 19:24-26, 20:3-6.)  Therefore, the court does
12 not address these two issues.

13          As defendant is entitled to summary judgment on plaintiff's retaliation claim, the
14 court does not address defendant's qualified immunity argument.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

**IV.    Conclusion**

Based on the foregoing, IT IS RECOMMENDED that:

1.  Defendant's motion for summary judgment (doc. 66-1) be granted; and

2.  Plaintiff's action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 2, 2006.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE